# UNITED STATES DISTRICT COURT
for
## NORTHERN DISTRICT OF CALIFORNIA
San Jose Venue

**RECEIVED JUL 21 2008**

## Petition for Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Tangivale Tuiaki | Docket No.: | CR 07-00398-01 HRL |
| Name of Sentencing Judge: | Howard R. Lloyd<br>United States Magistrate Judge | | |
| Date of Original Sentence: | February 26, 2008 | | |

**FILED JUL 21 2008**
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Original Offense:
Count One: Driving When Privilege Suspended for Driving Under the Influence, 18 U.S.C. § 13, a Class B misdemeanor

Original Sentence: Three years probation
Special Conditions: Special assessment $10.00; community service 100 hours; drug/alcohol treatment; mental health treatment; maintain valid driver's license and financial responsibility.

Prior Form(s) 12: On March 5, 2008, the offender was cited by the Sunnyvale Police Department for Driving Under the Influence. The court was advised of this violation on March 14, 2008. The offender admitted to drinking alcohol to excess. On May 12, 2008, the court modified the offender's conditions of supervision to include six months of curfew electronic monitoring with credit for time served and ordered that all previously ordered conditions to remain in effect.

| | |
|---|---|
| Type of Supervision: Probation | Date Supervision Commenced: February 26, 2008 |
| Assistant U.S. Attorney: Susan Knight | Defense Counsel: Lara Vinnard (AFPD) |

### Petitioning the Court

The issuance of a summons for the offender to appear in court before Magistrate Judge Lloyd for identification of counsel and setting of further proceedings on July 24, 2008 at 9:30 am

Tangivale Tuiaki
CR 07-00398-01 HRL

Page 2

I, Janie Zhuang, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated the mandatory condition of supervision which states, you shall not commit another federal, state or local crime. |

On July 10, 2008, during a surveillance, USPO Gupton and I observed the offender driving to her place of employment. The offender's driver license was suspended as a result of a Driving Under the Influence (DUI) conviction in 2006. In addition, the offender was cited for DUI in March 2008, in which she is pending prosecution in Santa Clara County Superior Court, docket number BB833033. Her next appearance is scheduled on August 26, 2008.

I contacted Sunnyvale Police Department to report the above incident. Sunnyvale Police Officer Pastore and Chamberlain responded to the scene. The offender admitted to the officers that she was driving on suspended license and that she drove her mother's vehicle to her employment.

Evidence of this violation can be found in Sunnyvale Police Report number 08-7028, my testimony, the testimony of USPO Gupton, surveillance photos taken by USPO Gupton on July 10, 2008, and chronological entry dated July 10, 2008.

NDC-SUPV-FORM 12C(1) 03/23/05

Two	There is probable cause to believe that the offender violated mandatory condition which states that the offender shall participate in the curfew Electronic Monitoring Program for up to six months.

On July 1, 2008, the offender was scheduled to return home at 10:30 p.m. The offender returned home at 11:30 p.m., one hour after her scheduled curfew.

Evidence of the violation can be found in the Home Confinement Program Daily Activity Form dated June 30, 2008 and the data contained in the electronic monitoring software.

Three	There is probable cause to believe that the offender violated special condition number three which requires her to answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.

On June 23, 2008, the offender submitted her daily activity schedule for curfew Electronic Monitoring for the week. She reported a seven day work week and that schedule was approved. Subsequently, upon verification with her employer, I was told that she did not work on June 29, 2008. However, according to the data contained in the electronic monitoring software, the offender left her home at 9:21 a.m. and returned at 10:26 p.m.

For the week of June 29, 2008, the offender reported that she was working on Saturday July 5, 2008. On July 8, 2008, I spoke with the offender's employer and was told that the offender did not work on July 5, 2008. The data contained in the electronic monitoring software reflects that the offender was home most of the day and that she was out of range only several minutes at a time.

The offender was approved to work a full day on July 7, 2008. On July 10, 2008, I was informed by the offender's employer that the offender did not report for work on July 7, 2008. During an office visit on July 10, 2008, the offender initially said she did work on July 7, 2008. She later called to inform me that she reported to work in the morning but did not work a full day. The data contained in the electronic monitoring software confirmed that she left her home at 8:12 a.m. and returned at 10:28 p.m.

Evidence of this violation can be found in the probation officer's chronological entry dated July 8, 2008, and July 10, 2008.

Four    There is probable cause to believe that the offender violated special condition number one which requires her to participate in substance abuse counseling and testing.

On May 21, 2008, the offender cancelled her counseling appointment at Pathway Society due to schedule conflict with her employment, without prior approval from the probation officer. The offender was reprimanded for this violation and apologized for her failure to consult with me regarding schedule change.

Evidence of this violation can be found in the probation officer's chronological entry dated May 22, 2008 and the Missed Appointment Memo from Pathway Society, received via fax on May 22, 2008.

Address of offender:    2091 Edgewood Dr.
Palo Alto, CA 94303

Based on the foregoing, there is probable cause to believe that Tangivale Tuiaki violated the conditions of her supervision.

Respectfully submitted,

*Janie Zhuang*
Janie Zhuang
U.S. Probation Officer
Date Signed: July 21, 2008

Approved as to form:

*Susan Portillo*
Susan Portillo
Supervisory U.S. Probation Officer

NDC-SUPV-FORM 12C(1) 03/23/05

Tangivale Tuiaki
CR 07-00398-01 HRL

Page 5

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☒ The issuance of a summons for the offender to appear in court before Magistrate Judge Lloyd for identification of counsel and setting of revocation proceedings on July 24, 2008 at 9:30 am

☐ Other:

_____7/21/08_____                            _____
Date                                             Howard R. Lloyd
                                                 United States Magistrate Judge

NDC-SUPV-FORM 12C(1) 03/23/05